September 25, 2018

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

**Re: *Wimbledon Financing Master Fund, Ltd. v. Bienert Miller & Katzman, PLC and Steven J. Katzman*, Case No. 1:18-cv-8004-PAE**

Dear Judge Engelmayer:

Pursuant to the Court's Notice of Initial Pretrial Conference, dated September 5, 2018, the parties submit this joint letter in advance of the pretrial conference with the Court, which is scheduled for October 1, 2018 at 2:30 p.m.

**Description of the Case**

**A. Plaintiff's Statement**

This case arises in the context of efforts by the liquidators of Wimbledon Financing Master Fund, Ltd. ("Wimbledon") to enforce a judgment entered against non-parties David Bergstein and Graybox LLC in the Supreme Court of the State of New York, New York County (the "State Court") in a special proceeding captioned *Wimbledon Financing Master Fund, Ltd. v. David Bergstein, et al.*, No. 150584/2016 (the "Turnover Proceeding").

Defendants Bienert Miller & Katzman, PLC ("BMK") and Steven J. Katzman ("Katzman" and, together with BMK, "Defendants") were admitted *pro hac vice* in the Turnover Proceeding. On the same day that judgment was entered, Wimbledon served restraining notices on Bergstein and Graybox (among others) pursuant to section 5222 of the New York Civil Practice Law and Rules. These restraining notices directed Bergstein and Graybox not to transfer any assets in which they had an interest without permission from the Sheriff of New York County or the State Court. Katzman admitted under oath that he received the restraining notices, but claimed that he failed to adequately inform himself of their significance and scope.

After receiving the restraining notices, Bergstein and Graybox caused $7,412,000 to be transferred to a third party in installments of $2,412,000 and $5 million, respectively. No party sought permission from the Sheriff of the State Court to make these transfers, the first of which BMK made from its client trust account. In consideration for these payments, the third party recipient released its claims against Bergstein and Graybox in a separate action pending in federal district court in California (the "California Action"). Katzman and BMK represented Bergstein and Graybox in the California Action and negotiated the settlement agreement pursuant to which the payments were made. Those negotiations occurred in New York.

The State Court subsequently held Bergstein, Graybox, BMK and Katzman in contempt of the restraining notices as a result of the initial $2,412,000 transfer, finding that they each had

willfully neglected the restraining notices. *See Wimbledon Financing Master Fund, Ltd.* v. *Bergstein*, No. 150584/2016, 2018 WL 2163586 (Sup. Ct. N.Y. Cnty. May 10, 2018).

In this action, Wimbledon asserts causes of action against Defendants for negligence and gross negligence for aiding and abetting their clients' violations of the restraining notices with respect to both the $2.412 transfer and the $5 million transfer. Independent of sanctions for contempt, "a third party 'may be held liable to a judgment creditor for its negligence in complying with a restraining notice.'" *CSX Transportation, Inc.* v. *Emjay Envtl. Recycling, Ltd.*, No. 12-CV-1864(JS)(AKT), 2016 WL 755660, at *5 (E.D.N.Y. Feb. 25, 2016) (citation omitted). Based on the State Court's factual findings and Katzman's admissions, Wimbledon alleges that Defendants are liable for money damages of $7,412,000, exclusive of fees and costs.

**B. Defendants' Statement**

On January 22, 2016, Wimbledon Financing Master Fund ("Wimbledon") filed its petition ("Petition") in the Supreme Court of the State of New York (the "Wimbledon Action"). The Wimbledon Action requested David Bergstein ("Bergstein") to turn over funds to satisfy Wimbledon's prior $6.6 million judgment against Arius Libra, Inc. for failure to repay a loan and to return the allegedly fraudulent transfers. Bienert, Miller & Katzman, PLC ("BMK") sought admission to assist Bergstein's lead counsel Sills Cummis & Gross PC ("Sills") in advising the court of overlapping criminal matters. Mr. Katzman, a shareholder of BMK (together with BMK, the "BMK Parties"), was admitted pro hac vice on behalf of Bergstein and Graybox LLC ("Graybox").

Earlier, in August 2015, The Wimbledon Fund, SPC (Class TT) ("WTT") sued Graybox in California (the "California Federal Action"). BMK served as counsel for Graybox in the California Federal Action, where WTT was seeking to set aside $2.412 million in allegedly fraudulent transfers to Graybox. WTT stated in its complaint that if a New York bankruptcy court approved a proposed $2.9 million settlement to Graybox in that bankruptcy, *In re Aramid Entertainment Fund Limited*, WTT would move to enjoin the settlement proceeds (the "Graybox Settlement Proceeds"). In September, 2015, WTT the court granted WTT's motion for preliminary injunction (the "Preliminary Injunction"), enjoining $2.412 million of the Graybox Settlement Proceeds in BMK's trust account (the "Graybox Enjoined Proceeds"). The Ninth Circuit Court of Appeals affirmed.

In its Petition, Wimbledon acknowledged that it was aware of the Preliminary Injunction and attached the Preliminary Injunction as an exhibit. Wimbledon, however, never sought an injunction or attachment from any court or assert any claim to the Graybox Settlement Proceeds. In fact, Wimbledon was a participant in the Aramid bankruptcy proceeding, but never made any claim to the Graybox Settlement Proceeds.

By Order dated July 17, 2017, the court granted summary judgment for Wimbledon on its Petition, and with respect to Graybox the court entered judgment on July 21, 2017 for $765,573.49, and against Bergstein judgment in excess of $7 million. On July 21, 2017, Wimbledon served restraining notices to both Bergstein and Graybox (the "Restraining Notices"). The Restraining Notices were not served on the BMK Parties. Wimbledon did not otherwise contact the BMK Parties to advise of any asserted interest in the Graybox Enjoined Proceeds. Wimbledon's e-mailed the Restraining Notices to Sills who forwarded them to the BMK Parties with a simple notation stating "FYI."

In August, 2017, per settlement agreement, the court in the California Federal Action dissolved the Preliminary Injunction and ordered BMK to pay the Graybox Enjoined Proceeds to WTT and per that order, BMK transferred the Graybox Enjoined Proceeds to counsel for WTT.

On February 5, 2018, Wimbledon moved to hold Katzman and BMK in civil contempt of the Restraining Notices for disbursement of the Graybox Enjoined Proceeds (the "Contempt Motion"). On May 10, 2018 the Court granted the motion in part, finding contempt but denied Petitioner's request that BMK be ordered to pay the Graybox Enjoined Proceeds (the "Contempt Order"),. The court ordered, *inter alia*, that: (a) Katzman and BMK, pay Wimbledon attorneys' fees; (b) Katzman attach the Order to any motion seeking *pro hac vice* admission to any court in New York for five years; and (c) Katzman send a copy of Contempt Order to the judge in the California Federal Action." On June 8, 2018, the BMK Parties timely filed a notice of appeal of the Contempt Order. On June 18, 2018, Wimbledon filed a notice of cross appeal of the Contempt Order.

On August 20, 2018, BMK filed before the Central District of California, *BMK v. Wimbledon*, Case No. 8:18-cv-01464 (the "Dec Relief Action"). The Dec Relief Action seeks a declaration that the BMK Parties are not liable to Wimbledon for BMK's alleged actions of representing clients in settling the California Federal Action. A week after BMK filed the Dec Relief Action, and ignoring BMK's requests that it accept service, Wimbledon filed this virtually identical action against the BMK Parties in New York state court. The BMK Parties promptly removed the action to this Court.

**Contemplated Motions**

**A. Plaintiff's Statement**

Wimbledon does not presently contemplate making any motions in this Court, although it anticipates making a motion for summary judgment after taking discovery, including discovery from BMK's co-counsel in the Turnover Action in New York.

**B. Defendants' Statement**

The BMK Parties anticipate moving to dismiss and/or change venue and consolidate with the action commenced in the Central District of California. *See Enigma Software Group USA, LLC v. Malwarebytes Inc.*, 260 F.Supp.3d 401 (SDNY 2017) (venue transferred to Northern District of California).

**Prospect for Settlement**

**A. Plaintiff's Statement**

Wimbledon does not believe that the prospects for settlement are high. Wimbledon previously sought to explore a potential settlement with BMK and Katzman. In response, BMK and Katzman asked Wimbledon to make a written settlement demand and to postpone filing the present action while the parties' settlement discussions continued. Wimbledon thereafter made a the requested written settlement demand and agreed not to file this action while the parties explored settlement. Rather than respond to Wimbledon's demand, however, BMK and Katzman initiated an anticipatory declaratory judgment action in the United States District Court for the Central District of California seeking a declaration that its actions were not negligent. Wimbledon intends

to move to dismiss that action on the basis that it is not subject to personal jurisdiction in California, among other reasons. Wimbledon nevertheless remains willing to explore a potential settlement.

**B. Defendants' Statement**

Wimbledon's June 27, 2018 demand was not reasonable. The BMK Parties filed the Dec Relief Action nearly 8 weeks after receiving that demand (June 27-August 20). At this time we do not believe the prospects for settlement are high but remain willing to participate in settlement discussions.

Respectfully submitted,

By: /s/ Joseph A. Matteo ___________
Howard J. Kaplan
Joseph Matteo
KAPLAN RICE LLP
142 West 57th Street, Suite 4A
New York, New York 10019
Tel: (212) 235-0300

*Attorneys for Plaintiff*

By: /s/ Richard A. Hubell_____________
Richard A. Hubell
Barry A. Cozier, Of Counsel
Hubell & Associates LLC
1185 Avenue of the Americas, 18th Floor
New York, NY 10036
212-682-7195

*Attorneys for Defendants*