UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
WIMBLEDON FINANCING MASTER FUN, LTD.,   :
:   1:18-cv-08004 (PAE)
:
Plaintiff,   :
:
-v-   :
:
BIENERT, MILLER & KATZMAN, PLC and   :
STEVEN J. KATZMAN   :
:
Defendants.   :
------------------------------------------------------------X

       In accordance with this Court's Order dated October 29, 2021 (Dkt 95), the parties respectfully submit this joint response to the Court's inquiries.

1.    Please identify the dollar amount of attorneys' fees calculated by the special referee pursuant to the Supreme Court, New York County's contempt order and the date(s) and amount(s) of the payment of such fees.

    RESPONSE: The Special Referee made no calculation. The parties settled the issue of the calculation of fees pursuant to the Settlement Agreement concerning Attorneys' fees, dated February 11, 2019, wherein the parties agreed that the BMK parties shall pay to Wimbledon (a) reasonable attorneys' fees in the amount of $86,831.25, plus (b) simple interest on the Fees Amount at the rate of 9% per year, to run from the effective date [February 11, 2019]. On March 5, 2020, the BMK parties paid to Wimbledon the amount of $96,181.15 by wire transfer to Kaplan Rice LLP, in full satisfaction of the reasonable attorneys' fees and interest thereon. Attached as **Exhibit 1** is the Settlement Agreement dated February 11, 2019, wire transfer confirmation dated March 5, 2020, and letter dated March 6, 2020 from Kaplan Rice, LLP.

2.    Please provide all court filings bearing on Wimbledon's negligence claim in the contempt proceeding, including pleadings and court orders addressing or resolving this claim.

    RESPONSE:

        (a)  Wimbledon's Order to Show Cause and Memorandum of Law in Support of Its Motion For Contempt Pursuant to CPLR 5251 and Judiciary Law § 753, to Compel Post-Judgment Discovery Pursuant to CPLR 5223 and 5224, to Compel Compliance With Restraining Notices, and For Expedited Discovery, attached as **Exhibit 2**;

(b) Interim Order entered by the Supreme Court, New York County (Hon. Shirley Werner Kornreich) dated April 20, 2018 (Pl. Ex. 27) [1];

(c) Affidavit of Steven J. Katzman and attached exhibits dated May 1, 2018 (Pl. Ex. 31);

(d) Katzman and BMK's Memorandum of Law dated May 1, 2018 (Pl. Ex. 33);

(e) Wimbledon Financing Master Fund, Ltd's Sur-Reply Memorandum of Law Pursuant to the Court's April 20, 2018 Interim Order, attached as **Exhibit 3**;

(f) Decision and Order by the Supreme Court, New York County (Hon. Shirley Werner Kornreich) filed and entered May 10, 2018 (Pl. Ex. 34);

(g) Wimbledon's Notice of Cross Appeal dated June 18, 2018, with Pre-Argument Statement (Def. Exh. JJ, at 6)[2];

(h) Decision and Order of the Appellate Division, First Department, filed and entered on June 4, 2019 (Pl. Ex. 35);

(i) The parties' appellate briefing:

   a. Katzman's and BMK's July 17, 2019 motion papers in the First Department (Pl. Ex. 36);

   b. Katzman's and BMK's October 31, 2019 motion papers in the New York Court of Appeals (Pl. Ex. 37); and

   c. Wimbledon's opposition to Katzman's and BMK's October 31, 2019 appeal (Pl. Ex. 38).

3. Please identify the date on which Wimbledon became aware of the $5 million settlement payment to Class TT, and please supply any related documentation of this date.

   RESPONSE: Wimbledon became aware of the $5 million settlement on April 5, 2018 when it first received the Confidential Settlement Agreement which provided, inter alia, for a $5 million settlement payment from a Bergstein entity (Schwartz IP) to Class TT in December 2017. (Dkt 68 at 9-12, 22).

---

[1] The reference to Plaintiff's Exhibits (Pl. Ex. 27 *et al.*) are annexed to the Declaration of Joseph A. Matteo, previously filed on December 16, 2019 (Dkt 71).

[2] The reference to Defendants' Exhibits (Def. Exh. JJ *et al.*) are annexed to the Declaration of Richard A. Hubell, previously filed on December 29, 2019 (Dkt 72).

4.  Please report the status of the appeal from *Wimbledon Financing Master Fund, Ltd v. The Wimbledon Fund,* No. 651376/2019, 2019 WL 5547030 (N.Y. Sup. Ct. Oct. 28, 2019), and please attach all related filings to that appeal.

    RESPONSE:

    On March 5, 2021, Wimbledon and Class TT entered into a confidential settlement agreement resolving their claims for ▮ .[3] Pursuant to this settlement, on May 6, 2021, Wimbledon discontinued and withdrew its appeal with prejudice (Appellate Division - 1st Dept NYSCEF Doc. No. 18). On May 14, 2021, Wimbledon filed a Stipulation of Discontinuance With Prejudice, dismissing Wimbledon's Petition against Class TT (NYSCEF Doc. No. 106). Attached as **Exhibit 4** are copies of the Stipulations of Discontinuance.

5.  Please report the status of any settlement between Bergstein and Wimbledon and/or or any restitution payment made by Bergstein. In the event aspects of such information is confidential, counsel are authorized to file a redacted letter on the docket of this case, and to send to chambers an unredacted letter, which the Court will file under seal.

    RESPONSE:  .[4]

---

[3] The settlement agreement and the settlement amount are confidential, and Wimbledon respectfully requests that the Court allow Wimbledon to keep this figure under seal. The settlement figure has been redacted in the publicly filed version of this letter.

The BMK Parties object to any reference by Wimbledon to a confidential settlement agreement or settlement amount. First, the settlement is not responsive to the Court's request as it is not a "filing" related to the appeal. Second, the reference to the settlement and amount without the underlying documentation lack both foundation and constitutes inadmissible hearsay. Inasmuch as the BMK Parties have no knowledge of the terms of any settlement agreement and its relationship to the Stipulations of Discontinuance, the amount of any settlement should not be referenced without the entire purported agreement being produced for review.

Wimbledon disagrees and submits that advising the Court that the Class TT matter has settled is responsive to this Court's inquiry concerning the status of the appeal in that case. Moreover, Wimbledon is bound by strict nondisclosure and confidentiality restrictions in the Class TT settlement agreement.

[4] Pursuant to the Court's order, Wimbledon has redacted the information concerning Bergstein because it is confidential.

Respectfully submitted,

| | |
|---|---|
| Kaplan Rice LLP | Hubell & Associates LLC |
| By: *Howard J. Kaplan*_____<br>    Howard J. Kaplan<br>    *Attorney for Plaintiff* | By: *Richard A. Hubell*_____<br>    Richard A. Hubell<br>    Barry A. Cozier, Of Counsel<br>    *Attorneys for Defendants* |